FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TAMMI LYNN B.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:17-CV-03156-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

# I. Jurisdiction

Plaintiff filed her application for Disability Insurance Benefits and her application for Supplemental Security Income on March 11, 2014. AR 219-30. Her alleged onset date of disability is January 1, 2011. AR 26. Plaintiff's applications were initially denied on June 18, 2014, AR 137-47, and on reconsideration on September 25, 2014, AR 155-67.

A hearing with Administrative Law Judge ("ALJ") M.J. Adams occurred on March 1, 2016. AR 40-61. On April 29, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 22-33. The Appeals Council denied Plaintiff's request for review on July 21, 2017, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on September 15, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 42 years old at the alleged date of onset. AR 32, 219, 225. She has a high school education and some college. AR 32, 43. Plaintiff is able to communicate in English. AR 32. Plaintiff has past work as a caregiver, child care provider, para-educator, and an assistant. AR 272, 309.

### V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from January 1, 2011, through the date of the ALJ's decision. AR 22, 33.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2011 (citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*). AR 23.

**At step two**, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the spine, fibromyalgia, obesity, and arthritis (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 23.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 28.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: she can lift and/or carry twenty pounds occasionally and ten pounds frequently; she can stand and/or walk, and sit, for about six hours in and eight-hour day with the usual breaks; she is unlimited in her abilities to push and/or pull, including the operation of hand and foot controls, within the lift/carry limitations; she can occasionally climb ramps and stairs, she cannot climb ladders, ropes or scaffolds, and can occasionally balance, stoop, kneel, crouch, and crawl; she has no manipulative, visual, or communication limitations; and she must avoid concentrated exposure to vibrations and working around hazardous machinery or heights. AR 28.

The ALJ found that Plaintiff has no past relevant work. AR 32.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 32-33. These include production assembler; electronics worker; and cleaner, housekeeper. AR 32.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) and failing to identify jobs, available in significant numbers, that Plaintiff could perform despite her functional limitations.

## VII.   Discussion

**A. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence

suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 29. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 29-30.

First, the ALJ found that Plaintiff's allegations of completely disabling limitations are belied by her daily activities. AR 30-31, 37. These include her ability to get her children ready for school and drive them to and from school on a

daily basis, as well as feed them lunch and dinner every day, do laundry and feed her animals daily, volunteer two days a week, attend an exercise class three days a week, visit with friends, attend church and bible study, and goes out to lunch. AR 29, 30, 614, 697. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found that Plaintiff's daily activities contradict her allegations of total disability. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

Next, the ALJ noted multiple inconsistencies with the medical evidence. AR 24, 30. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff alleges completely debilitating physical limitations. AR 29. However, physical

examinations generally suggested she was not as limited as she alleged, including a plethora of treatment exams routinely finding no pain or acute distress, normal range of motion, normal gait, intact sensation, and minimal findings at most on physical examination. AR 30, 30, 423, 427, 433, 437, 442, 446-47, 450, 453-54, 458, 462, 465-66, 469, 473, 477, 481, 487-88, 492, 496-97, 502, 535, 537, 540, 542, 549, 552, 554, 556, 562, 567, 572, 631, 634, 638-39, 641, 644, 653-54, 684, 813-14, 822-23, 828, 835, 840, 845-46, 876, 877, 878, 879, 880, 882, 883, 884, 885, 886, 887, 888, 889, 890, 891, 892, 893, 894. Plaintiff also alleges that she must use a cane almost always and the use of a cane was prescribed; however, the treatment record is devoid of mention of the need for a cane, Plaintiff never presented to her treating providers with a cane, Plaintiff never reported any need for a cane to her treatment providers, and there is no indication any treatment provider observed her using a cane. *See* AR 29-30.

Lastly, the ALJ noted several inconsistent statements. AR 30. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. The ALJ noted that while Plaintiff reported she is "always … in a lot of pain everywhere" (AR 285), she has frequently denied joint pain or stiffness, muscle stiffness or weakness, and back pain (AR 422, 442, 551, 630, 638, 822, 827, 834). Additionally, the ALJ noted that Plaintiff reported to the agency that it takes her two to three days to do laundry and

clean. AR 335. But she told Dr. Cooper that she does laundry every day, and she told mental health assessors at Central Washington that on a daily basis she does "things like laundry, dishes, vacuum and get chores done." AR 614, 697. She also reported that she likes "to be outside pulling weeds to watering flowers," but she told the agency that she cannot take care of her yard. AR 288, 697. Similarly, Plaintiff reported making her children lunch and dinner every day, but reported at the hearing that she only "cook[s] some days" if she has to prepare food at all. AR 29, 49, 697. Plaintiff has also stated that she stopped working as an in-home care provider because it was hard on her and she was in too much pain, but she has also reported that she stopped working because her aunt, for whom she provided care, had passed away. AR 47, 615.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly weighed the medical opinion evidence.**

   **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than

his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### b. Cecilia Cooper, Ph.D.

Dr. Cooper is an examining doctor who completed an evaluation in May 2014. AR 613-18. Dr. Cooper opined that Plaintiff has no social functioning limitations but that she was limited to tasks that involve two or three unrelated steps and her ability to work would be significantly impacted by pain. AR 617-18.

The ALJ assigned significant weight to Dr. Cooper's opinion that Plaintiff has no social functioning limitations, and little weight to the opinion that Plaintiff is limited to tasks that involve two or three unrelated steps and her ability to work would be significantly impacted by pain. AR 25. The ALJ gave multiple valid

reasons for discounting a portion of the opinion. *Id*. The ALJ found that Dr.

Cooper's findings were inconsistent with the longitudinal treatment record, which

Dr. Cooper did not review. *Id*. The ALJ noted that the evidence of record shows

that Plaintiff consistently denied any difficulty with concentration. AR 423, 551,

630, 638, 735, 820, 822, 834. Plaintiff denied experiencing any significant mental

health symptoms and, reported that her energy and concentration were "good." AR

25, 696. Plaintiff's mental health evaluators concluded that she did not have any

axis I or II diagnoses and her treating providers found that she presented with

normal attention span, concentration, and intact memory. AR 27, 428, 433, 437,

477, 454, 458, 462, 466, 469, 473, 478, 481, 488, 493, 497, 502, 547, 552, 562,

568, 572, 639, 645, 667, 684, 697, 823, 828, 840, 846. Additionally, Dr. Cooper

noted that Plaintiff walked to and from the office without any apparent difficulty,

she sat through a one and a half hour examination and could get up without

difficulty, Plaintiff's "ability to maintain attention and concentration is not

significantly impaired," and that deficits demonstrated on mental status

examination were related to "math anxiety." AR 613, 617, 618. An ALJ may reject

a doctor's opinion when it is inconsistent with other evidence in the record. *See*

*Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). A

discrepancy between a doctor's recorded observations and opinions is a clear and

convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427

F.3d 1211, 1216 (9th Cir. 2005). An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Furthermore, the ALJ specifically noted that even if the limitations provided in the opinion from Dr. Cooper were incorporated into the residual functional capacity, Plaintiff would still be able to perform the jobs identified by the vocational expert and Plaintiff would still be found not disabled. AR 25, 33. Thus, if any error exists, it would be harmless.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Cooper's opinion.

### c. Mary Pellicer, M.D.

Dr. Pellicer is an examining doctor who completed an evaluation of the Plaintiff in May 2014. AR 603-11. Dr. Pellicer opined that Plaintiff could stand

and walk only two hours a day, that a cane was medically necessary, and that she could lift less than 10 pounds occasionally. AR 608.

The ALJ assigned little weight to Dr. Pellicer's opinion for multiple valid reasons. AR 31. First, the ALJ noted that Dr. Pellicer's findings were inconsistent with the longitudinal treatment record and all of the treatment notes from treating medical providers. *Id*. Plaintiff regularly presented with normal range of motion to her treating medical provider and Plaintiff's treating providers consistently found that Plaintiff had normal gait, intact sensation, and minimal findings on physical examination. AR 30, 427, 433, 437, 442, 446-47, 453-54, 466, 481, 488, 492, 496-97, 502, 552, 562, 567, 631, 638-39, 653-54, 813-14, 823, 835, 846, 874, 876, 877, 878, 879, 880, 882, 883, 884, 885, 886, 887, 888, 889, 890, 891, 892, 893, 894. Plaintiff presented to Dr. Pellicer with a left-sided limp and alleged the need for a cane. AR 31, 603, 605. However, Plaintiff has never alleged the need for a cane to her treating providers, has never presented with a cane to treating provider appointments, and has generally presented with a normal gait. AR 30, 31, 427, 433, 437, 442, 446-47, 453-54, 466, 481, 488, 492, 496-97, 502, 552, 562, 567, 631, 638-39, 653-54, 813-14, 823, 835, 846. Indeed, just one week after examination with Dr. Pellicer, Plaintiff walked to and from the office of her psychological examination without any difficulty. AR 31, 613. Dr. Pellicer's examination notes also demonstrate generally normal findings and full strength in all muscle groups.

AR 606-08. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600. A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ also noted that Dr. Pellicer's opinions were inconsistent with Plaintiff's daily activities. AR 30. For example, contrary to the limitations in Dr. Pellicer's opinion, Plaintiff reported that on a typical day she gets her children ready for school, drives them to and from school, then either exercises or volunteers, feeds her children lunch and dinner, and does chores like laundry, dishes, and vacuuming, she pulls weeds, waters flowers, and socializes with her friends. AR 27-30, 697. These daily activities demonstrate activity level beyond what Dr. Pellicer's opined limitations suggest. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Pellicer's opinion.

### d. Other Source Opinions

Susan Bassert is a physician's assistant who opined that Plaintiff is limited to sedentary work and cannot work more than ten hours a week. AR 31, 673-85. The ALJ afforded little weight to this opinion. AR 31. Tyrell Nielson is a physician's assistant who opined that Plaintiff is unable to work at even the sedentary level. AR 31, 686, 774. The ALJ assigned this opinion no weight. AR 31. Judy Gray is an advanced registered nurse practitioner who opined that Plaintiff is unable to perform any work, she cannot lift even two pounds and is unable to stand or walk. AR 31, 861, 863, 871. The ALJ also assigned no weight to this opinion. AR 31. The opinion testimony of Ms. Bassert, Mr. Nielson, and Ms. Gray fall under the category of "other sources," and the ALJ must give germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ provided multiple valid reasons for discounting these three opinions. AR 31. First, the ALJ noted that the opinions are inconsistent with the treatment records from all of the treating medical providers. *Id*. Indeed, despite the severe limitations in the opinions, Plaintiff regularly and consistently demonstrated much greater ability, Plaintiff regularly presented with normal range of motion to her treating medical providers and Plaintiff's treating providers consistently found

that Plaintiff had normal gait, intact sensation, and minimal findings on physical examination. AR 30, 427, 433, 437, 442, 446-47, 453-54, 466, 481, 488, 492, 496-97, 502, 552, 562, 567, 631, 638-39, 653-54, 813-14, 823, 835, 846, 874, 876, 877, 878, 879, 880, 882, 883, 884, 885, 886, 887, 888, 889, 890, 891, 892, 893, 894. . Inconsistency with medical evidence is a germane reason to discount statements from other sources. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). An ALJ may reject even a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999).

The ALJ further noted that these opinions are inconsistent with Plaintiff's actual level of activity. AR 31. Contrary to the severe limitations, and as noted previously, Plaintiff reported that on a typical day she gets her children ready for school, drives them to and from school, then either exercises or volunteers, feeds her children lunch and dinner, and does chores like laundry, dishes, and vacuuming, she pulls weeds, waters flowers, and socializes with her friends. AR 27-30, 697. These daily activities demonstrate activity level far beyond what these opined limitations suggest. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

1    Furthermore, the ALJ found that these providers did not provide

2 explanations for the assessed limitations. AR 31. Defendant argues that these

3 limitations are supported and explained by the diagnoses provided; however, the

4 diagnoses do not provide any sort of actual explanation for the severe level of

5 assessed limitations. An ALJ need not accept the opinion of even a doctor if that

6 opinion is brief, conclusory, and inadequately supported by clinical findings.

7 *Bayliss*, 427 F.3d at 1216.

8    Additionally, Ms. Bassert's opinion was rejected because the opined

9 limitations are inconsistent with contemporaneous treatment notes and findings

10 showing generally normal physical examination with only some reduced range of

11 motion. AR 31, 680-81, 684. A discrepancy between a doctor's recorded

12 observations and opinions is a clear and convincing reason for not relying on the

13 doctor's opinion. *Bayliss*, 427 F.3d at 1216. Nurse Gray's opinion was also

14 rejected because the only basis for the opinion given was Plaintiff's statements

15 regarding her pain limiting her daily activities, statements which the ALJ properly

16 determined were not entirely credible. AR 31. An ALJ may discount even a

17 treating provider's opinion if it is based largely on the claimant's self-reports and

18 not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v.*

19 *Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

20

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of the opinions of Ms. Bassert, Mr. Nielson, and Ms. Gray.

**C. The ALJ did not err at step five of the sequential evaluation process.**

Plaintiff briefly argues that the resulting step five finding did not account for all of her limitations. The Court disagrees. The ALJ specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's residual functional capacity. AR 28. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. Additionally, the ALJ need not specifically include limitations in the hypothetical if they are adequately accounted for in the residual functional capacity. *See Stubbs-Danielson*, 539 F.3d 1169, 1173-76 (9th Cir. 2008). The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Id.* at 1175-76.

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of the Plaintiff. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity and the ALJ properly identified jobs that Plaintiff could perform despite her limitations.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 21st day of September, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge